## In re Debs Memorial Society

*Darlington Hoopes*, for appellants.

*S. E.* and *J. W. Bertolet* and *Zieber & Snyder*, for remonstrants.

MAYS, J., August 16, 1937.—The application for charter was filed on May 1, 1937, under the provisions of the Nonprofit Corporation Law of May 5, 1933, P. L. 289. On June 5, 1937, a protest and remonstrance was filed. On

June 7, 1937, argument was had and continued to July 6, 1937. On July 6, 1937, applicants filed a paper entitled "consent to use of name", and on the same day a joinder in protest and remonstrance was filed.

The court, under section 207 of the Nonprofit Corporation Law of 1933, supra, is empowered to decree or refuse incorporation. If we find "the articles to be in proper form . . . and the purpose or purposes given . . . to be lawful", we should approve the articles. If the requirements of the act have not been complied with, the application should be refused.

At the argument, it was brought to the attention of the court that the corporation is intended to be a continuance of a present unincorporated association known as the "Debs Memorial Association", which has been in existence for a number of years. Such being the case, section 217 of the Nonprofit Corporation Law of 1933, supra, requires that there should be attached to the articles of incorporation, when presented to the court, a copy of the constitution and bylaws of the association, and an affidavit of at least three incorporators, stating that the purpose or purposes set forth in the articles are the same as those of the unincorporated association, and that the incorporators constitute a majority of the members of a committee authorized to incorporate such association by the requisite vote required by the organic law of the association for the amendment of such organic law.

The articles of incorporation not being in accordance with the above requirements, it becomes our duty to refuse the application. The applicants were given an opportunity to comply with section 217. The filing of the paper titled "consent to use of name" does not meet the requirements of the act.

And now, to wit, August 16, 1937, the application for charter is refused.